10-412-cr
United States v. Judge (Nalbandian)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand eleven.

PRESENT:  GUIDO CALABRESI,
          GERARD E. LYNCH,
                              *Circuit Judges*,
          DENISE COTE,
                              *District Judge.*[*]


-----------------------------------------------------------------

UNITED STATES OF AMERICA,
                              *Appellee*,

          v.                                          No. 10-412-cr

RICHARD JUDGE,
                              *Defendant*,

MARK NALBANDIAN,
                              *Defendant-Appellant.*

-----------------------------------------------------------------

FOR APPELLANT:        David V. DeRosa, Law Offices of David V. DeRosa,
                      Naugatuck, CT, Donald J. Cretella, Zingaro and Cretella,
                      LLC, Bridgeport, CT.

---

[*] The Honorable Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:     S. Dave Vatti, Elizabeth A. Latif, Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

A jury convicted Mark Nalbandian of possessing marijuana with intent to distribute, see 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii), as well as conspiring with another to do so, see id. § 846.  The district court sentenced him to 87 months' imprisonment, 48 months' supervised release, an $80,000 fine, and a $200 special assessment – all falling within the applicable Guidelines ranges.

On appeal, Nalbandian challenges only his fine. To the extent he argues that his fine violated the Excessive Fines Clause of the Eighth Amendment, we disagree.  A fine of $80,000 is not "grossly disproportional to the gravity" of his crime, United States v. Bajakajian, 524 U.S. 321, 334 (1998), which involved the international transport of roughly $1.4 million dollars worth of marijuana.  Nor do we think the fine substantively unreasonable, for essentially the same reason.

Nalbandian's primary claim is that the district court improperly shifted the burden to him "to establish a reasonable amount of the fine."  But the only burden the district court placed on Nalbandian was the burden of "establish[ing] that . . . he is not able and . . . not likely to become able to pay all or part of the fine required."  U.S.S.G. § 5E1.2(e).  The

2

district court was correct in placing this burden on him. See United States v. Corace, 146 F.3d 51, 56 (2d Cir. 1998). Nor did the district court err in its assessment of whether he met that burden, either because of his initial CJA affidavit or otherwise. The record amply supports the district court's refusal to credit Nalbandian's claim that he lacked any resources, and the magistrate judge's finding of indigence qualifying Nalbandian for appointed counsel, made at the outset of the case, was based on a much skimpier record than was available to the district court at sentencing.

Finally, Nalbandian claims that it was error to assess the $80,000 fine in addition to the forfeiture of $27,000 cash that was found in his apartment, and that at very least the forfeited cash should offset the fine. But the civil forfeiture of Nalbandian's cash does not affect his fine under § 841, because the law requires that "[a]ny penalty imposed for violation of this subchapter [including § 841] shall be in addition to, and not in lieu of, any civil or administrative penalty or sanction authorized by law." 21 U.S.C. § 847. Even assuming that Nalbandian's case fell under the criminal forfeiture provision that he cites, 21 U.S.C. § 853(a), he still would not prevail, because that provision too explicitly requires forfeiture "in addition to any other sentence imposed pursuant to this subchapter." We see no error here.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3